IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ABIGAIL ARMSTRONG,<br>*Plaintiff* | § § § | |
| v. | § § | A-24-CV-00026-RP-SH |
| BUDGET RENTAL CAR,<br>*Defendant* | § § § | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court are Abigail Armstrong's ("Plaintiff") Complaint (Dkt. 1) and Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. 2), both filed January 9, 2023. The District Court referred this case to this Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman.

### I.   *In Forma Pauperis* Status

After reviewing Plaintiff's Application, the Court finds that she is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

1

As stated below, the Court has conducted a § 1915(e) review of the claims made in the Complaint and recommends that Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e). Therefore, service on Defendant should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, service should be issued on Defendant at that time.

## II. Section 1915(e)(2) Frivolousness Review

### A. Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). "Some claims are so insubstantial, implausible, or otherwise completely devoid of merit as not to involve a federal controversy. Federal courts lack power to entertain these wholly insubstantial and frivolous claims." *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (cleaned up).

A complaint fails to state a claim on which relief may be granted when plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim on which relief may be granted. *Id.* While pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), plaintiff's *pro se* status offers "no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B. Plaintiff's Complaint Should Be Dismissed under § 1915(e)(2)

Plaintiff invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331. She alleges that in November 2023, she attempted to rent a car at a Budget Rental Car location in Denver, Colorado. Plaintiff complains that the Budget employee working at the counter "refused" to rent her a car without first providing a "Major Credit Card." Dkt. 1 ¶ 7. Plaintiff also alleges that the Budget employee was "rude and lied, and had other things to do," and mistreated her because she is Caucasian. *Id.* Plaintiff also alleges that after she returned the rental car in Texas, she was overcharged "for insurance," and her $200 deposit was not returned. *Id.* She asserts a race discrimination claim under 42 U.S.C. 1981 and an intentional infliction of emotional distress claim under Texas law. For relief, she seeks temporary and permanent injunctions prohibiting Budget from "communicating with Petitioner in person or in any other manner," $100,000 in monetary damages "for increased spinal stenosis" and "pain and suffering," and attorneys' fees and costs. *Id.* ¶¶ 10-17.

The Court recommends that Plaintiff's lawsuit should be dismissed as frivolous under § 1915(e)(2) because she fails to allege a plausible claim for relief.

1. **42 U.S.C. 1981**

"Congress passed the Civil Rights Act of 1866 in the aftermath of the Civil War to vindicate the rights of former slaves." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009 (2020). Section 1981(a) of that statute promises that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens.'" 42 U.S.C. § 1981(a). It defines the phrase "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b).

"The analysis of discrimination claims under § 1981 is identical to the analysis of Title VII claims." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017). To succeed on a Section 1981 claim, a plaintiff must first show that (1) she is a member of a "protected class"; (2) the defendant intended to discriminate on the basis of that protected class; and (3) the discrimination concerned one or more of the activities enumerated in the statute, such as the making and enforcing of a contract. *Abdallah v. Mesa Air Grp., Inc.*, 83 F.4th 1006, 1013 (5th Cir. 2023). In addition, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1020 (2020). The "simple test" for determining whether disparate treatment has occurred is "whether the evidence shows treatment of a person in a manner which but-for that person's [protected characteristic] would be different." *City of L.A., Dep't of Water & Power v. Manhart*, 435 U.S. 702, 711 (1978).

Plaintiff does not state a plausible claim of race discrimination under Section 1981 because she alleges no facts showing that she was treated differently because of her race. Plaintiff alleges that Budget would not rent her a car until she presented a valid credit card and failed to return her deposit even though she "had specked [sic] said auto nicer than when she picked it up." Dkt. 1 ¶ 7. Plaintiff fails to allege that any of these actions were connected to her race or that other non-white customers were treated differently. *See Comcast Corp.*, 140 S. Ct. at 1020 (stating that plaintiff must "ultimately prove that, but for race, it would not have suffered the loss of a legally protected right"); *Body by Cook*, 869 F.3d at 387 (holding that "generalized allegations regarding Defendants' alleged disparate treatment of [Plaintiffs] versus non-minority-owned shops" were "not specific enough to plead discriminatory intent"). Plaintiff's conclusive and speculative allegations of race discrimination do not state a plausible discrimination claim under Section 1981.

### 2. Intentional Infliction of Emotional Distress

Plaintiff also fails to allege sufficient facts to state a plausible intentional infliction of emotional distress claim under Texas law. To prevail on this claim, Plaintiff must allege that: "(1) the defendant acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused the plaintiff emotional distress; and (4) the emotional distress was severe." *Hersh v. Tatum*, 526 S.W.3d 462, 468 (Tex. 2017). The Texas Supreme Court

> has set a high standard for "extreme and outrageous" conduct, holding that this element is only satisfied if the conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

*Id.* (quoting *Kroger Texas Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006)). "Meritorious claims for intentional infliction of emotional distress are relatively rare precisely because most human conduct, even that which causes injury to others, cannot be fairly characterized as extreme and outrageous." *Kroger*, 216 S.W.3d at 796.

5

Plaintiff alleges that she suffered "severe emotional distress" because (1) Budget required her to present a credit card before renting her a car; (2) the Budget employee was "rude" to her and called her "an ugly white"; and (3) Budget did not return her $200 deposit back even though she "detailed said auto, took it through a car wash, and vacuumed inside." Dkt. 1 ¶ 7. Plaintiff does not allege a plausible claim of intentional infliction of emotional distress because Budget's actions do not meet the high standard for "extreme and outrageous conduct." *Hersh*, 526 S.W.3d at 468. "Conduct that is merely insensitive or rude is not extreme and outrageous, nor are mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Kroger*, 216 S.W.3d at 796 (cleaned up).

### III. ORDER AND RECOMMENDATION

The Court **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. 2).

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS with prejudice** Abigail Armstrong's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2).

The Court **FURTHER ORDERS** the Clerk to **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo

review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 15, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE